# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

DOYLE DEWAYNE FRYE                                                       PETITIONER
ADC #115393

V.                          NO. 5:14CV00015 DPM/JTR

RAY HOBBS, Director,                                                     RESPONDENT
Arkansas Department of Correction

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written

objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Room A149
Little Rock, AR 72201-3325

## I. Introduction

Pending before the Court is a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus filed by Petitioner, Doyle DeWayne Frye. *Doc. 2.* Respondent has filed a Response, and Petitioner has filed a Reply. *Docs. 6, 11.* Thus, the issues are joined and ready for disposition.

Before addressing Petitioner's habeas claims, the Court will review the

procedural history of the case.

In October 2007, a jury in Benton County, Arkansas convicted Petitioner of raping his nine-year-old niece.[1] He was sentenced, as a habitual offender, to life imprisonment.

On direct appeal to the Arkansas Supreme Court, Petitioner argued that the trial court erred: (1) in admitting testimony from the victim's mother, under the "excited utterance" exception to the hearsay evidence rule, about statements the victim made to her about the rape; (2) in admitting testimony from a police investigator about Petitioner's truthfulness during a custodial interview; and (3) in admitting improper character evidence about his prior bad acts. On March 5, 2009, the Arkansas Supreme Court affirmed Petitioner's conviction. *Frye v. State*, 313 S.W.3d 10 (Ark. 2009).

On February 13, 2013, Petitioner initiated a *pro se* § 2254 habeas action in this Court. *Frye v. Hobbs*, E.D. Ark. No. 5:13cv00055-DPM-JTR. In his Petition, he argued that: (1) he was deprived of due process by the trial court's admission of the

---

[1] At Petitioner's trial, the jury "heard testimony from multiple witnesses including the victim, other family members, and law enforcement officials about the events and circumstances occurring before, during, and after the rape." *Frye v. State*, 313 S.W.3d 10, 12 (Ark. 2009). The victim's mother testified that the victim told her Petitioner had digitally and orally raped her during the early morning hours of August 2, 2006. *Id.* at 13. According to the state's appellate brief, the victim's trial testimony mirrored her mother's statement, and the victim also identified the panties she had been wearing the night of the rape. Doc. 6-2, at 6-8. Two forensic experts testified that, from DNA recovered from fluid in the victim's panties, they could affirmatively say that it was male DNA and could not exclude Petitioner as a possible contributor. *Id.* at 8.

investigator's opinion regarding Petitioner's truthfulness; (2) he was deprived of due process by the admission of the victim's mother's hearsay testimony about statements the victim made; (3) the trial evidence was insufficient to support his rape conviction or to prove he was a habitual offender; and (4) his trial and appellate attorneys rendered ineffective assistance. *Id., at doc. 2.*

On October 21, 2013, the Court recommended that Petitioner's habeas Petition be dismissed because it was filed after expiration of the applicable one-year statute of limitations. *Id., at doc. 13*.

On November 22, 2013, Petitioner moved to voluntarily dismiss his habeas Petition, without prejudice, so that he could return to state court to exhaust any remaining state remedies. *Id., at doc. 16*.

On December 13, 2013, the Court entered an Order granting Petitioner's request for voluntary dismissal. *Id., at docs. 17 & 18.*

After the dismissal of Petitioner's February 13, 2013 habeas action, there is no evidence that he returned to state court and initiated any post-conviction proceedings.

On January 8, 2014, Petitioner filed this § 2254 habeas action. He concedes that: (1) he initiated this action outside the one-year limitations period for filing a federal habeas action; and (2) all of his habeas claims are procedurally defaulted due to his failure to seek post-conviction relief in the state courts. However, he argues that,

because he is "actually innocent," the applicable one-year statute of limitations period should be equitably tolled and his procedural default should be excused. *Docs. 2, at 3-6; 11, at 1*.

Respondent argues that: (1) Petitioner is in procedural default on all of his habeas claims; (2) all of his habeas claims are time-barred; and (3) he has failed to produce any evidence to support his actual-innocence claim. For the reasons discussed below, the Court concludes that, because Petitioner has failed to produce any evidence to support his actual-innocence claim, his habeas Petition must be dismissed as untimely.[2]

## II. Discussion

A state prisoner seeking to challenge his state court conviction in federal court generally must file a petition for habeas relief within one year after the state judgment of conviction becomes final by conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). Because a criminal defendant may seek certiorari review of his conviction with the United States Supreme Court, his state court judgment of conviction becomes "final" when the Supreme Court "affirms [the] conviction on the merits or denies a petition for certiorari," or, if certiorari is not sought, when the time for filing such a petition expires. *Gonzalez v.*

---

[2]Thus, the Court need not address Respondent's procedural default argument.

*Thaler*, 132 S. Ct. 641, 653-54 (2012).

On March 5, 2009, the Arkansas Supreme Court affirmed Petitioner's conviction. He elected not to file a petition for writ of certiorari with the United States Supreme Court. *See* U.S. Sup. Ct. R. 13.1. Thus, his conviction became "final" on June 3, 2009, when the ninety-day period for seeking certiorari expired. From that date, Petitioner had one year, until June 3, 2010, to file this federal habeas action.

Petitioner initiated this action on January 8, 2014, more than three and one-half years *after* the expiration of the one-year statute of limitations.[3]

Because Petitioner did not seek any post-conviction relief in state court, he is not entitled to any statutory tolling. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review ... is pending shall not be counted toward any period of limitation under this subsection.").

As stated, Petitioner contends that his untimeliness should be excused due to his "actual innocence." In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013), the

---

[3]Although the Clerk of Court received and file-stamped Petitioner's § 2254 Petition on January 16, 2014, it was deemed "filed," as a matter of law, on the date it was delivered to prison authorities for mailing to the Court. *Streu v. Dormire*, 557 F.3d 960, 962 (8th Cir. 2009); *see* Rule 3(d), Rules Governing § 2254 Cases in United States District Courts (inmate filing is timely if "deposited in the institution's internal mailing system on or before the last day for filing"). The Court assumes, for purposes of this Recommended Disposition, that Petitioner delivered his Petition to prison authorities for mailing on January 8, 2014, the day he signed that pleading. *Doc. 2, at 23*.

United States Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or ... expiration of the statute of limitations." The Court cautioned that "tenable actual-innocence gateway pleas are rare," and reiterated the "demanding" standard articulated in its previous cases: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 329 (1995), and *House v. Bell*, 547 U.S. 518, 538 (2006)). The actual-innocence exception requires a habeas petitioner to come forward with "new reliable evidence" which was "not available at trial through the exercise of due diligence." *Schlup*, 513 U.S. at 324; *Kidd v. Norman*, 651 F.3d 947, 951-53 (8th Cir. 2011), *cert. denied*, 133 S. Ct. 137 (2012).

Petitioner's actual-innocence claim fails because he has come forward with *no new evidence* to support his actual innocence, much less "new reliable evidence." The law is clear that, "[w]ithout any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Schlup*, 513 U.S. at 316; *see Nooner v. Hobbs*, 689 F.3d 921, 937 (8th Cir. 2012), *cert. denied*, 134 S. Ct. 58 (2013) (when habeas petitioner fails to present new,

7

reliable evidence of innocence, "it is unnecessary to conduct a further *Schlup* analysis").

Petitioner speculates that, if this Court were to permit the victim to be "questioned under oath, ... her answers involving this alleged rape that supposedly occurred eight years ago, will change dramatically and possibly implicate her mother as a 'coach'," or "even [her mother's] boyfriend," as "the person or persons responsible for the concocted rape allegation." *Doc. 11, at 8-9*.

A federal habeas petitioner is not entitled to an evidentiary hearing based on his hope that new evidence *may be developed* that establishes his actual innocence. *Weeks v. Bowersox*, 119 F.3d 1342, 1353-54 (8th Cir. 1997); *Bannister v. Delo*, 100 F.3d 610, 617 (8th Cir. 1996); *Battle v. Delo*, 64 F.3d 347, 365 (8th Cir. 1995). The "actual innocence" gateway "is not intended to provide a petitioner with a new trial, with all the attendant development of evidence, in hopes of a different result." *Weeks*, 119 F.3d at 1354 (quoting *Battle*, *supra*). Rather, to avail himself of the actual-innocence gateway and obtain review of otherwise defaulted claims, "it is the petitioner's, not the court's, burden to *support* his allegations of actual innocence by *presenting* new reliable evidence of his innocence." *Id.* at 1353 (emphasis in original).

Accordingly, the Court concludes that Petitioner has not met the threshold evidentiary standard necessary to invoke the actual-innocence exception.

Although not specifically argued by Petitioner, the Court has considered whether there might be any other basis for Petitioner to claim equitable tolling of the one-year limitations period.[4] Because the United States Supreme Court has held that § 2244(d) is a statute of limitations, not a jurisdictional bar, it may be subject to equitable tolling if a petitioner can show that: (1) he has been "pursuing his rights diligently," but (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 645, 649 (2010).

First, Petitioner has not demonstrated that he pursued his rights diligently. After the Arkansas Supreme Court affirmed his conviction on March 5, 2009, he did not seek any post-conviction relief in state court, then waited almost five years before initiating this federal habeas action. This does *not* show diligence by Petitioner. *See Pace v. DiGuglielmo*, 544 U.S. 408, 419 (2005) (petitioner failed to pursue his rights diligently where he waited years before filing a state post-conviction petition, then waited five months after his post-conviction proceedings became final before seeking federal habeas relief); *Nelson v. Norris*, 618 F.3d 886, 893 (8th Cir. 2010); *Earl v. Fabian*, 556 F.3d 717, 724 (8th Cir. 2009).

Second, Petitioner has not demonstrated any "extraordinary circumstances" as

---

[4]*McQuiggin* analyzed actual innocence as an "equitable exception" *overriding* the statute of limitations, rather than as an extension of the limitations period through equitable tolling. *McQuiggin*, 133 S. Ct. at 1931.

required by *Holland*. The Eighth Circuit has repeatedly held that a petitioner's pro se status, lack of legal knowledge or legal resources, or any confusion about the federal limitations period or state post-conviction law, does *not* justify equitable tolling. *See, e.g., Johnson v. Hobbs*, 678 F.3d 607, 611 (8th Cir. 2012); *Shoemate v. Norris*, 390 F.3d 595, 597-98 (8th Cir. 2004).

Accordingly, all of Petitioner's habeas claims are time-barred.

### III. Conclusion

IT IS THEREFORE RECOMMENDED that this 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, *Doc. 2*, be DENIED and this case be DISMISSED, WITH PREJUDICE.

IT IS FURTHER RECOMMENDED THAT a Certificate of Appealability be DENIED. *See* 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

DATED THIS 19th DAY OF September, 2014.

_____
UNITED STATES MAGISTRATE JUDGE